UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-14462-MIDDLEBROOKS/LYNCH

FIRST MUTUAL GROUP, LP,

    Plaintiff,

v.

JEFFREY D. KLEIN,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT

THIS CAUSE comes before the Court upon Defendant Jeffrey D. Klein's ("Defendant") Motion to Dismiss Complaint and to Strike Plaintiff's Demand for Attorney's Fees [DE 17] ("Motion"), filed on March 2, 2015. Plaintiff First Mutual Group, LP ("Plaintiff") filed a Response in Opposition to the Motion [DE 24] ("Response") on March 27, 2015, to which Defendant filed a Reply [DE 25] ("Reply") on April 3, 2015.

I.     **BACKGROUND**

Sometime prior to February of 2005,[1] Defendant Jeffrey D. Klein ("Defendant") conducted an appraisal of Real Property located in Port St. Lucie, Florida ("Property"). [DE 1 at

---

[1] Although the Complaint does not allege when the appraisal occurred, the Court takes judicial notice of St. Lucie County Public Records, which indicate that the only mortgages associated with the Property prior to May 2010 (when the Complaint alleges the Property was foreclosed upon) were taken out on February 9, 2005. Public Records of St. Lucie County, Florida in OR Book/Page 2159/1093, 1125. Accordingly, the appraisal on which the mortgage lender relied must have occurred prior to February of 2005. *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) ("In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."); *see also* Fed. R. Evid. 201(b)(2) (a court may judicially notice a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Plaintiff does not challenge the dates established by public records. *See* [DE 17, DE 24].

¶ 6]. Defendant appraised the Property at $222,000. [*Id.* at ¶ 8]. In reliance on the appraisal, the original lender, Sloan Mortgage ("Lender") granted a loan (supposedly secured by the value of the real estate) to a borrower in February of 2005. [*Id.* at ¶ 7]. However, the Property sold for much less than $222,000 at a foreclosure sale on May 19, 2010. [*Id.* at ¶ 13]. The Lender chose to sell its rights pursuant to the loan on the secondary market, and Plaintiff purchased those rights. [*Id.*]. On June 21, 2010, title was transferred to Plaintiff, making Plaintiff "the owner and holder of the underlying obligation for which the above-described appraisal was issued, and is the successor in interest of both the equitable and legal interest in the underlying obligation and appraisal upon which this action is based." [*Id.* at ¶ 16].

On May 12, 2014, Plaintiff "discovered potential errors in the appraisal during an initial quality control review." [*Id.*]. An independent review of the Defendant's appraisal revealed that at the time the appraisal was performed, the Property was actually only worth $170,000 to $180,000. [*Id.* at ¶ 9]. Due to Defendant's allegedly "grossly inaccurate appraisal, Lender received no funds from the foreclosure and the balance of the loan remains due and owing, for which Plaintiff seeks judgment in the full amount of said loan." [*Id.* at ¶ 14].

Based on the foregoing, the Complaint alleges three counts against Defendant for breach of contract, negligence and gross negligence. [DE 1]. Defendant's Motion raises the following grounds for dismissing the Complaint: (1) the two-year statute of limitations for professional negligence under Fla. Stat. § 95.11 bars Plaintiff's claims; (2) the four-year statute of limitations for ordinary negligence under Fla. Stat. § 95.11 bars Plaintiff's claims; (3) Plaintiff's claim for breach of contract is barred by the five-year statute of limitations under Fla. Stat. § 95.11; and (4) Plaintiff's negligence claims should be dismissed for failure to allege a tort independent of its breach of contract claim. [DE 17].

...

...

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F. 3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F. 2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to plaintiff and take the factual allegations stated therein as true. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F. 3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F. 3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purpose of determining whether a claim is legally sufficient).

Generally, a plaintiff is not required to detail all the facts upon which he bases his claim. Fed. R. Civ. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555-56. However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of

3

entitlement to relief." *Id.* at 556 n.3. Plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). "Factual allegations must be enough to raise [plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id.*

### III. DISCUSSION

#### A. Professional Malpractice

Defendant contends that "[t]his lawsuit is, at its core, about [Defendant's] purported failure to meet the professional standard of care for property appraisers in rendering the subject appraisal and the damages that Plaintiff's predecessor incurred when it lost a portion of its investment at the foreclosure sale." [DE 17 at 2]. Defendant further contends that "[d]espite Plaintiff's improper labeling thereof, each of [Plaintiff's] claims are based upon professional negligence and are[, therefore] barred by Florida's[2] two-year statute of limitations[,]" pursuant to Fla. Stat. § 95.11(4)(a). [*Id.*].

---

[2] "Federal courts sitting in diversity are required to apply state substantive law and federal procedural law." *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1296 (11th Cir. 1999), and must apply the choice of law rules of the forum state. *Grupo Televisa, S.A. v. Telemundo Communications Group, Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). In *Grupo Televisa*, the Eleventh Circuit explained that in a choice of law analysis, "the court must characterize the legal issue and determine whether it sounds in torts, contracts, property law, etc.," and then "determine[] the choice of law rule that the forum state applies to that particular type of issue." *Id.* (citing *Acme Circus Operating Co., Inc. v. Kuperstock*, 711 F.2d 1538, 1540 (11th Cir. 1983)). In determining which state's law applies to a tort claim, Florida courts follow the "most significant relationship" test outlined in Section 145 of the Restatement (Second) of Conflict of Laws. *Id.* (citing *Bishop v. Florida Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980)). Florida has the most significant relationship with Plaintiff's tort claims because the injury (loss of investment at foreclosure sale) occurred in Florida, the conduct causing the injury (Defendant's alleged negligent appraisal) occurred in Florida, Defendant is a citizen of Florida, and the relationship between the parties is centered in Florida. *See id.* Therefore, Florida law should control Plaintiff's tort claims. To the extent Plaintiff alleges a contract claim, Florida courts follow the traditional *lex loci contractus* theory in determining which law applies to a breach of contract claim. *Fioretti v. Mass. Gen.*

Fla. Stat. § 95.11 provides that ordinary claims of negligence are subject to a four-year statute of limitations, whereas claims of "professional malpractice," are subject to a two-year statute of limitations. Fla. Stat. § 95.11(3)(a), (4)(a). Specifically, Fla. Stat. § 95.11(4)(a) provides that the following action shall be commenced within two years:

> ***An action for professional malpractice***, other than medical malpractice, ***whether founded on contract or tort***; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.

Fla. Stat. § 95.11(4)(a) (emphasis added). Professional malpractice "is similar to an ordinary negligence claim except that the negligent party must be engaged in a 'profession' as defined under Florida law, and the applicable standard of care is that degree of care used by similar professionals in the community under similar circumstances." *F.D.I.C. v. Kardos Appraisal & Consulting Corp.*, No. 6:12-CV-75636, 2014 WL 235470, at *8 (M.D. Fla. 2014) (citing *Moransais v. Heathman*, 744 So. 2d 973, 975 (Fla. 1999)).

In *Sheils v. Jack Eckerd Corp.*, 560 So. 2d 361 (Fla. 2d DCA 1990), a Florida District Court of Appeal held that the two-year statute of limitations for professional malpractice applied to the plaintiff's strict liability, negligence, and breach of warranty claims. In reaching its conclusion, the Court noted that "[i]t is not disputed in this case that but for the alleged

---

*Life Ins. Co.*, 53 F.3d 1228, 1235 (11th Cir. 1995); *Jemco, Inc. v. United Parcel Service, Inc.*, 400 So.2d 499, 501 (Fla. 3d DCA 1981)). Under this theory, "in the absence of a contractual provision specifying the governing law, a contract . . . is governed by the law of the state in which the contract is made, *i.e.* where the last act necessary to complete the contract is done." *Fioretti*, 53 F.3d at 1235. Although the Complaint does not specify where the original mortgagee and Defendant executed the appraisal contract or where the executed contract was delivered by either party, the subject Property is located in Florida and Defendant, a Florida resident, conducted the appraisal in Florida. Thus, the only reasonable inference is that the last act necessary to complete the contract occurred in Florida. Further, neither party disputes that Florida law should apply to Plaintiff's claims. [DE 17, DE 24]. Accordingly, the Court analyzes Plaintiff's claims under Florida law.

negligence of appellee's pharmacist there would have been no error in the prescribed dosage and appellants would have no cause of action under any theory." *Id.* at 363. Because the plaintiffs' claims were based on the professional's negligence, the court found that § 95.11(4)(a) applied to all of the plaintiffs' claims. *Id.*; *see also Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x 263, 281 (11th Cir. 2009) ("[W]e hold the district court was correct in treating [plaintiff's] breach of fiduciary duty claim[, which is ordinarily subject to a four-year statute of limitations,] against its former counsel as a professional malpractice claim subject to the two-year statute of limitations."). Here, all of Plaintiff's claims are likewise based on the alleged negligence of a professional[3] acting within his professional capacity. Plaintiff's breach of contract claim fails to allege any breach of the purported contract separate and apart from Defendant's breaches of professional standards of care. *See* [DE 1 at ¶ 18]; *see also Green v. Bartel*, 365 So. 2d 785, 787 (Fla. 3d DCA 1978) (applying two-year statute of limitations to a plaintiff's claims of negligence, breach of contract, and fiduciary duty). Absent Defendant's negligent appraisal, Plaintiff would not have a cause of action under any theory.

Plaintiff counters that § 95.11(4)(a) does not apply to its claims because "[n]either Plaintiff, nor the original lender, were in privity with the appraiser," as is required under § 95.11(4)(a). [DE 24 at 6]; *see* Fla. Stat. § 95.11(4)(a) ("[T]he limitation of actions herein for professional malpractice shall be *limited to persons in privity with the professional.*") (emphasis added). Specifically, Plaintiff contends "[t]he original lender, in whose shoes we stand, was a third party beneficiary to [the appraisal] agreement." [*Id.* at 5]. "Privity," as used in § 95.11(4)(a) means "direct contractual privity," and does not include relationships between a

---

[3] The Court notes that an appraiser "is a professional within the meaning of § 95.11(4)(a).'" *F.D.I.C. ex rel. Colonial Bank v. Pearl*, No. 8:12-CV-1813-T-30TBM, 2013 WL 1405941, at *5 (M.D. Fla. 2013) (quoting Fla. Stat. § 475.611(1)(h)).

6

professional and a third-party beneficiary who was a known and intended beneficiary of the professional's service. *See Baskerville-Donovan Engineers, Inc. v. Pensacola Executive House Condo. Ass'n, Inc.*, 581 So. 2d 1301, 1302 (Fla. 1991).

Plaintiff's argument, however, directly contradicts the Complaint's allegation that "Defendant and Plaintiff's Predecessor, from whom Plaintiff acquired all right, title and interest in such claims and causes of action, entered into an appraisal contract, which was founded upon a written instrument." [DE 1 at ¶ 16-2]. Because the Court may only consider allegations raised in response to a motion to dismiss to the extent they *clarify* the allegations in the complaint, the Court cannot consider Plaintiff's argument that Plaintiff and Defendant were not in privity. *See Pegram v. Herdrich*, 530 U.S. 211, 230 (2000) (only "where specific allegations clarify the meaning of broader allegations, [may they] be used to interpret the complaint as a whole"). Accordingly, the two-year statute of limitations for professional malpractice actions under § 95.11(4)(a) applies to Plaintiff's claims. *See Sheils*, 560 So. 2d at 363.

## B. Statute of Limitations

Section 95.11(4)(a) provides that "the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence." It is undisputed that "Plaintiff discovered potential errors in the appraisal during an initial quality control review conducted on May 12, 2014, which were confirmed by an independent appraiser." [DE 1 at ¶ 17]. The Parties disagree, however, as to when Plaintiff's cause of action *should* have been discovered.

Defendant contends that Plaintiff's cause of action should have been discovered "on May 19, 2010,[4] when the property sold for less than the purported appraised value because it was at

---

[4] Although Plaintiff was not assigned Lender's rights until June 21, 2010, the Court analyzes the statute of limitations as if Plaintiff's predecessor had brought this lawsuit because an assignee

7

that point in time that the harm from [Defendant's] purportedly negligent appraisal occurred and the causes of action raised therein accrued." [DE 17 at 12] (citing *Lehman Bros. Holdings Inc. v. Phillips*, 569 F. App'x 814, 817 (11th Cir. 2014) (plaintiff "knew or should have known no later than December 19, 2007, that the appraisal on the first mortgage misrepresented the value of the property" because it was then that plaintiff "sustained at least a slight injury in the loss of investment[.])"

Plaintiff counters that "[i]t is impractical to conclude that the foreclosure of the subject property during the height of the largest residential housing crisis in American history should have been enough to prompt the original lender and its subsequent successors to suspect the Defendant of appraisal fraud."[5] [DE 24 at 6]. Instead, Plaintiff contends that "[t]he statute of limitations did not begin to run until the Plaintiff discovered that the Defendant had over-valued the subject property in May of 2014 or at earliest the publication by The Florida Real Estate Appraisal Board of the Defendants negligent appraisal activity in August of 2011."[6] [*Id.*].

In *Silvestrone v. Edell*, 721 So. 2d 1173, 1175-76 (Fla. 1998), the Supreme Court of Florida held that "in those cases that proceed to final judgment, the two-year statute of limitations for litigation-related malpractice under section 95.11(4)(a), Florida Statutes (1997), begins to run when final judgment becomes final." *See also Peat, Marwick, Mitchell & Co. v. Lane*, 565 So. 2d 1323, 1327 (Fla. 1990) (limitations period for accounting malpractice action

---

takes subject to all defenses that could have been asserted against the assignor. *See State v. Family Bank of Hallandale*, 667 So. 2d 257, 259 (Fla. 1st DCA 1995) ("The assignee steps into the shoes of the assignor and is subject to all equities and defenses that could have been asserted against the assignor had the assignment not been made.").

[5] The Court notes that Plaintiff's causes of action sound in negligence – not fraud.

[6] The Complaint does not allege that any publication alerted Plaintiff of Defendant's negligent appraisal activity in August of 2011. Accordingly, the Court cannot determine that the statute of limitations commenced in August of 2011. *See Pegram*, 530 U.S. 211 (2000). If the Court were to determine that the statute of limitations commenced then, however, Plaintiff's action would be barred by the two-year statute of limitations under § 95.11(4)(a), since the Complaint was not filed until November 14, 2014.

under § 95.11(4)(a) commenced when United States Tax Court entered judgment). In *Larson & Larson, P.A. v. TSE Indus., Inc.*, 22 So. 3d 36, 42 (Fla. 2009), the court explained the reasoning of *Silvestrone*:

> The crux of *Silvestrone's* reasoning is that it cannot be known with sufficient certainty that the client has suffered *any loss* caused by the lawyer's negligence until the finality of a judgment adverse to the client. . . . *Silvestrone's* rule thus merely establishes a bright line for establishing when the client has suffered *some loss* . . . . This is in line with the long-standing rule generally applicable to personal injury claims under which 'the cause of action accrues and the statute begins to run from the time when the injury was first inflicted, and not from the time when the full extent of the damages sustained have been ascertained.'

*Id.* (emphasis in original) (quoting *Seaboard Air Line R. Co. v. Ford*, 92 So. 2d 160, 164 (Fla. 1955)). Thus, Florida cases indicate that it is when a plaintiff becomes aware he has suffered *some loss* that the statute of limitations begins to run under § 95.11(4)(a). This is because it is then that the plaintiff has notice of a potential cause of action, which he should diligently pursue.

In this case, it was clearly established that Plaintiff's Predecessor had suffered some loss at the foreclosure sale in May of 2010. The fact that the mortgage meltdown caused a significant decrease in the value of the Property does not absolve Plaintiff's Predecessor from its responsibility to investigate whether the appraiser's negligence contributed to its damages. Indeed, Plaintiff's Predecessor, a sophisticated banking institution, should have considered that negligently inflated appraisal values might have contributed to the housing bubble. The fact that Plaintiff's Predecessor chose not to examine the subject appraisal does not save Plaintiff's untimely claims. Accordingly, the Court finds that the two-year statute of limitations began to run in May of 2010, when the Property sold for much less than its appraised value. Plaintiff's failure to assert his professional negligence claims by May of 2012 warrants dismissal.

**C. Plaintiff's Request for Attorney's Fees**

Plaintiff seeks an award of attorney's fees as to Count I (breach of contract) of the Complaint. [DE 1 at ¶ 20]. Defendant argues Plaintiff's request should be stricken for failure to properly allege any basis for an award of attorney's fees. [DE 17 at 17]. It is well established under Florida law,[7] that "each party is responsible for its own attorneys' fees unless a contract or statute provides otherwise." *Price v. Tyler*, 890 So. 2d 246 (Fla. 2004). Because the Complaint fails to allege a contractual or statutory basis for Plaintiff's entitlement to attorney's fees, Defendant's motion to strike Plaintiff's demand for attorney's fees is granted. *See Assa Compa%25nia De Seguros, S.A. v. Codotrans, Inc.*, 15 F. Supp. 3d 1271, 1279 (S.D. Fla. 2014) (striking demand for attorney's fees where plaintiff failed to articulate "a contractual or statutory basis for its demand."); *Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.*, 872 F. Supp. 2d 1353, 1364 (S.D. Fla. 2012) (same); *Ninghai Genius Child Prod. Co. v. Kool Pak, Inc.*, No. 11-61205-CIV, 2012 WL 1203821, at *3 (S.D. Fla. 2012) (same). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Complaint and to Strike Plaintiff's Demand for Attorney's Fees [DE 17] is **GRANTED**. This case is **DISMISSED With Prejudice**. The Clerk of Court shall **CLOSE this CASE** and **DENY all PENDING MOTIONS as MOOT**.

**SO ORDERED** in Chambers in West Palm Beach, Florida, this __19__ day of June, 2015.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

---

[7] Federal courts sitting in diversity are required to apply state law to substantive issues, and federal law to procedural matters. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–79, (1938). Awards of attorneys' fees are generally considered substantive for *Erie* purposes. *See, e.g., McMahon v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001), *modified on other grounds*, 311 F.3d 1077 (11th Cir. 2002).